CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
DEC 04 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RAMONDA M. BROWN, ) | Civil Action No. 5:06cv00063 |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM OPINION |
| v. ) | |
| ) | |
| JO ANNE B. BARNHART, ) | By: Samuel G. Wilson |
| Commissioner of Social Security ) | United States District Judge |
| ) | |
| Defendant. ) | |

Plaintiff Ramonda Brown brings this action challenging the final decision of the Commissioner of Social Security denying Brown's claims for disability insurance benefits and supplemental security income under the Social Security Act. Jurisdiction of this court is established pursuant to 42 U.S.C. §§405(g) and 1383(c)(3). The defendant, Jo Anne Barnhart, the Commissioner of Social Security, has filed a motion to dismiss, contending that the plaintiff's case is untimely because it was not filed within the sixty day limit imposed under Title II of the Social Security Act at 42 U.S.C. §405(g), and Brown has not responded. The court agrees that Brown's action was not filed in a timely manner under §405(g) and therefore grants defendant's motion to dismiss.

I.

Brown filed applications for disability insurance benefits and supplemental security

-1-

income on January 16, 2004. Both applications were denied initially and on reconsideration. Brown then requested a hearing with an Administrative Law Judge (ALJ). After a hearing was held the ALJ issued a decision denying Brown's application for benefits. Brown next requested that the Appeals Council review the unfavorable ALJ decision. The Appeals Council, in a letter dated May 4, 2006, denied Brown's request for review of the ALJ's decision. In the letter denying the plaintiff's requested review, the Appeals Council informed Brown of the right to commence a civil action within sixty days from the date of receipt of the notice. The Appeals Council indicated in its letter that it would presume that Brown received a copy of the notice within five days of the date of the notice.

Beginning with the sixty days Brown had to commence a civil action, and factoring in the five days for mailing and the computation rules set out in Federal Rule of Civil Procedure 6(a), Brown had until Monday, July 10, 2006 to file a complaint.[1] Brown did not file a complaint until July 13, 2006. Since Brown did not institute a civil action within the sixty days of receipt of the Appeals Council's notice, as prescribed by 42 U.S.C. §405(g), the plaintiff's complaint was untimely.[2]

The court has seen no evidence demonstrating that Brown requested a time extension for

---

[1] Under Federal Rule of Civil Procedure 6(a), since Plaintiff's last day to file a civil action fell on a Saturday (July 8, 2006), under Federal Rule of Civil Procedure 6(a), the last day for filing is extended to Monday, July 10, 2006.

[2] Congress has outlined the procedures and conditions for judicial review of final decisions made by the Commissioner of Social Security for claims under Title II of the Social Security Act, found in 42 U.S.C. §405(g), which states:
> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

filing, nor has the plaintiff offered this court an explanation for the untimely filing. Congress has authorized the Secretary to toll this 60-day limit with a showing of good cause by the complainant. Bowen v. City of New York, 476 U.S. 467 (1986). Courts may also extend the 60-day period when the equities in favor of tolling the limitations period are "so great that deference to the agency's judgment is inappropriate." Matthews v. Eldridge, 424 U.S. 319, 330 (1976). In this case, in the absence of a request for a time extension by Brown, and without an explanation for the untimely filing or a response to the defendant's brief in support of its motion to dismiss, the court cannot justify the equitable tolling of the 60-day requirement imposed under §405(g).

## II.

For the reasons stated, the court grants the defendant's motion to dismiss.

ENTER: this 4th day of December, 2006.

UNITED STATES DISTRICT JUDGE